WILLIAM H. GAY & others *vs.* ABIGAIL C. GAY & another.

The administrator of an estate, the personal property of which is more than sufficient for the payment of debts, stands in no fiduciary relation to the heirs at law; and they cannot maintain a bill in equity to compel him to give to them the benefit of a purchase of real estate by him from one who had orally agreed to sell the same to the intestate.

BILL IN EQUITY setting forth that the plaintiffs were the heirs at law of Fisher Gay, deceased; that in his lifetime he had orally agreed with Nathaniel Morton for the purchase of a piece of land; that after his death Abigail C. Gay, his widow and administratrix, through William W. Cowell, her son-in-law and agent, procured from said Morton a deed conveying the land to her, and afterwards conveyed the same to Cowell; that the same was paid for out of the funds of the estate of Fisher Gay; and that the transaction was a breach of trust. The prayer was for a decree for the conveyance of the land to the plaintiffs, and for further relief.

The facts alleged in the answer and those proved in evidence are sufficiently stated in the opinion. The case was reserved by the chief justice for the opinion of the whole court.

*E. Ames,* for the plaintiffs, cited *Dickinson* v. *Codwise,* 1 Sandf. Ch. 214 ; *Keech* v. *Sandford,* 1 White & Tudor's Lead. Cas. in Eq. 36 ; *Fox* v. *Mackreth,* Ib. 92, 131, 137 ; *Ringo* v. *Binns,* 10 Pet. 269.

*E. Mellen & W. S. Davis,* for the defendants.

BIGELOW, C. J. There can be no doubt of the soundness of the principle on which the plaintiffs rely in support of their bill. A person holding a fiduciary relation towards others cannot deal with the trust property for his own benefit. He can neither

purchase property belonging to his *cestui que trust* in order to secure some private and personal advantage to himself, nor can he avail himself of his position and the knowledge which he acquires by reason of his fiduciary relation to obtain any profit or acquire any property to himself which in equity and good conscience belong to those whose interests are in his charge. Thus it has been held that an agent who discovers a defect in the title of his principal to land cannot use his knowledge to procure a title to himself; and if he does, he will be regarded as a trustee, holding the estate for his principal. The fundamental rule in the doctrine of trusts is, that a trustee or person assuming towards others a fiduciary relation in regard to property is bound to exercise for the benefit of those for whom he acts all the rights, powers, knowledge and advantages of every description which he derives from his position or acquires by means of it. These principles have often been recognized by this court. *Arnold* v. *Brown*, 24 Pick. 96. *Litchfield* v. *Cudworth*, 15 Pick. 31. *Ball* v. *Carew*, 13 Pick. 31. But we are unable to see in what manner they are applicable to the case stated in the bill and disclosed by the evidence. The plaintiffs fail to sustain the essential averment that the original party defendant, by virtue of her office as administratrix of her deceased husband, was clothed with any trust in regard to the real estate of which he died seised, or which he had verbally agreed to purchase in his lifetime. The testimony fails to show that she has appropriated any part of the personal estate in her hands as administratrix towards the purchase of the parcel of real estate described in the bill. There is therefore no fact proved which affords sufficient reason for holding that this land is to be treated as real estate of which the intestate died seised, and for charging her as holding the title thereof as trustee of the heirs of the deceased on this ground. Nor in point of law is there any foundation for the plaintiff's suit. The defendant, in her capacity as administratrix, did not stand in any fiduciary relation towards the heirs at law in regard to the real estate of which the intestate died seised, or to which he had an equitable title by virtue of the parol agreement set out in the bill. The real estate did not

vest in her, but passed directly to the heirs at law. The estate being solvent, she had no power to divest the title of the heirs to the real property by a sale for payment of debts. She had no trust or duty whatever imposed on her by virtue of her office in relation to the real estate or to the rights of the heirs therein. Nor was she clothed with any power or authority to complete the purchase of the real estate described in the bill, and for the conveyance of which there was no written agreement made with the intestate for the use or benefit of the plaintiffs. There is, therefore, no ground for the averment in the bill, that the act of the defendants in procuring the conveyance of said parcel of land was a breach of trust or a violation of any fiduciary relations which the defendant Abigail C. Gay, in her capacity as administratrix, held towards the plaintiffs, so as to entitle them to ask relief in equity. This being so, the whole basis of the plaintiffs' case falls to the ground.

If they have any claim to relief for the reason that the defendants, by false statements and misrepresentations, have fraudulently procured a conveyance of the land to the injury of the plaintiffs and in fraud of their rights, they must seek their remedy in some appropriate form by which such allegations may be put in issue and tried. As the bill now stands, the decree must be, *Bill dismissed without prejudice.*